NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

07-3060

BERNABE B. PANGILINAN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Bernabe B. Pangilinan, of Olongapo City, Philippines, pro se.

Patrick B. Bryan, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Director; and Mark A. Melnick, Assistant Director.  Of counsel on the brief was Jo-Ann Chabot, Attorney Advisor, Office of Personnel Management, of Washington, DC.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

07-3060

BERNABE B. PANGILINAN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  June 11, 2007

_____

Before LOURIE, SCHALL, and PROST, Circuit Judges.

PER CURIAM

## DECISION

Bernabe B. Pangilinan ("Pangilinan") appeals from the final decision of the Merit Systems Protection Board ("the Board") affirming the Office of Personnel Management's ("OPM") decision denying his appeal for disability benefits under the Civil Service Retirement System ("CSRS").  Pangilinan v. Office of Pers. Mgmt., SF-0831-16-0315-I-1 (M.S.P.B. June 2, 2006) ("Initial Decision").  Because the Board correctly determined that his claim was barred by res judicata, we affirm.

## BACKGROUND

On August 1, 1956, Pangilinan began working for the United States Navy at Subic Bay, Philippines.  He was employed as a chauffeur pursuant to an excepted

service indefinite appointment. On March 18, 1977, after several reassignments and a promotion, Pangilinan retired from federal employment due to a physical disability.

Pangilinan applied for deferred annuity benefits pursuant to the CSRS. On October 5, 2000, OPM issued a final decision concluding that Pangilinan's services were not covered under the CSRS and therefore he was not entitled to a deferred annuity. Pangilinan v. Office of Pers. Mgmt., SE-0831-01-0127-I-1 (M.S.P.B. Apr. 17, 2001). The Board affirmed the final decision of the OPM on April 17, 2001. In reaching that determination, the Board found that none of Pangilinan's Notification of Personnel Action forms indicated that he was covered by the CSRS. Instead, the Board found that the coverage described in the forms referred to retirement coverage pursuant to a collective bargaining agreement dated January 8, 1976, which entitled Pangilinan to retirement pay. In addition, the Board found that the forms indicated that payroll deductions were never taken from his salary, further indicating that Pangilinan never made payments to the Civil Service Retirement Fund. As such, the Board affirmed the OPM's denial of a deferred annuity benefit under the CSRS. Pangilinan did not seek further review before the full Board, and thus that decision became final.

On or around January 2006, Pangilinan then inquired of the OPM about disability retirement benefits. In a letter dated January 13, 2006, OPM reminded Pangilinan of his previous application for benefits and the determination that his service was not creditable, and informed him that he was not entitled to benefits under the CSRS. Pangilinan filed a second appeal to the MSPB, which was "based on the same Federal service reviewed in his prior appeal." Initial Decision, slip op. at 2. On February 8, 2006, the Board issued an order requiring Pangilinan to show cause why his appeal

should not be dismissed as barred by the doctrines of res judicata or collateral estoppel. Pangilinan responded, inter alia, that his claim differed because he was seeking a "disability" annuity, as opposed to a "deferred" annuity, which he sought in his prior claim.

The Administrative Judge ("AJ") determined that Pangilinan's second claim was barred by res judicata. The AJ first noted that the parties did not dispute that the Board had jurisdiction over Pangilinan's prior claim, that the prior judgment was based on the merits and was final, that the same parties were involved in both claims, and that both claims concern Pangilinan's entitlement to benefits under the CSRS. Id. at 3. Additionally, the Board found that the period of service in question ended prior to his claim for deferred annuity, and Pangilinan did not assert that he unaware of his disability during his federal service. Thus, the AJ concluded that Pangilinan failed to "explain why all of his arguments could not have been raised in the earlier proceeding." Id. at 4. As such, the AJ held that res judicata applied and dismissed the appeal.

Pangilinan appealed the AJ's decision to the full Board, which denied his petition for review, thereby rendering the AJ's decision final. See 5 C.F.R. § 1201.113(b). Pangilinan timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by

substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

On appeal, Pangilinan argues that he was entitled to file a disability claim pursuant to certain statutory provisions, including 5 U.SC. § 8337. In addition, Pangilinan appears to assert that the Department of the Navy was obligated to apply for disability on his behalf, but failed to meet that obligation. Moreover, Pangilinan contends, without further elaboration, that res judicata does not apply because "disability re[t]irement is different from deferred retirement." Pet'r Reply at 2. The government responds that none of those arguments identifies any basis for reversing the Board's conclusion that res judicata bars Pangilinan's claim for disability benefits.

We agree with the government. A petitioner may be barred by res judicata "if (1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." Carson v. Dep't of Energy, 398 F.3d 1369, 1375 (Fed. Cir. 2005). As discussed above, the Board found that all three criteria were satisfied. Indeed, those findings were undisputed by the parties. We thus find that conclusion to be supported by substantial evidence and not contrary to law. Moreover, none of Pangilinan's arguments provides a proper basis for concluding that the doctrine of res judicata does not apply in this case. Accordingly, because Pangilinan fails to identify any reversible error, we affirm.